UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACY CHANG and HOWARD HSU,<br><br>    Defendants. | Case No.  15-cr-00067-WHO<br><br>**ORDER REQUIRING SEPARATE COUNSEL FOR DEFENDANTS** |

Defendants Tracy Chang and Howard Hsu, who are mother and son, are currently jointly represented by Robert E. Barnes. The government filed a request, pursuant to Federal Rule of Criminal Procedure 44(c), for an inquiry into the potential conflict of interest arising from Mr. Barnes's representation of both Mr. Hsu and Ms. Chang.[1] Dkt. No. 8. I conclude, following briefing and a hearing, that there is an unwaivable conflict and that each defendant must be separately represented in order to receive the effective assistance of counsel required by the United States Constitution.

---

[1] Rule 44(c) provides that, in cases of joint representation:

> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed. R. Crim. P. 44(c)(2). Joint representation "occurs when: (A) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and (B) the defendants are represented by the same counsel, or counsel who are associated in law practice." Fed. R. Crim. P. 44(c)(1). It is undisputed that Rule 44 applies to this situation.

**BACKGROUND**

This case arises from allegedly false tax returns that the defendants prepared and submitted on behalf of Didsee Corporation. The government alleges that Mr. Hsu owned and operated Didsee Corporation and that Ms. Chang served as Didsee's president, secretary, treasurer, director, bookkeeper and accountant. The defendants have been charged with conspiracy to defraud the United States, 18 U.S.C. § 371. Dkt. No. 1. (indictment). Ms. Chang is separately charged with making and subscribing false tax returns, 26 U.S.C. § 7206(1), and Mr. Hsu is separately charged with aiding and assisting in the preparation of false tax returns, 26 U.S.C. § 7206(2).

On April 2, 2015, I conducted an hour-long hearing into Mr. Barnes's potential conflict of interest. I questioned Ms. Chang, Mr. Hsu and Mr. Barnes about the conflict and advised Ms. Chang and Mr. Hsu of the potential conflict and of their rights to separate counsel. *See* Dkt. No. 16 (criminal minutes). Ms. Chang was aided by an interpreter. Both defendants wish to continue to be represented jointly by Mr. Barnes, and signed a waiver of the conflict in open court.

**DISCUSSION**

I recognize that both Ms. Chang and Mr. Hsu want Mr. Barnes to represent them jointly. Mr. Hsu stated that he and his mother had interviewed several attorneys and that Mr. Barnes was the first one with whom they felt comfortable. Mr. Barnes indicated that the best defense in this case is to maintain a unified front—that the conduct at issue was based on the advice of an outside accountant—and that he has carefully analyzed the matter and concluded that there is no conflict here. He undertakes joint representation in only a fraction of his cases, and in this case he believes it is appropriate.

However, a review of the indictment makes clear the government's perspective that the two defendants were not of the same level of responsibility for the conduct alleged and that Mr. Hsu was in the position of power. For example, the government alleges that "Hsu directed Chang to pay his personal expenses from Didsee's bank account." Indictment ¶ 7. *See also id.* ¶ 16 (alleging that "Hsu directed Chang by e-mail to sign a Form 8879-C, 13 IRS F-File Signature Authorization for Didsee's 2008 Form 1120 and to provide it to Didsee's tax return preparer."). This dynamic creates a direct conflict that would infect the entire case, including how the defense

is investigated; how offers from the government will be treated; which jurors the defense will want on the jury; how to argue the case and examine witnesses; and, how to approach sentencing.

The power dynamic may come into play in other ways as well. The parent-child relationship of the defendants makes me uneasy, since it can be manipulated. Mr. Hsu is quite articulate and demonstrated a clear understanding of the risks of proceeding with joint representation. He is currently attending law school. However, I am not convinced that Ms. Chang understood the issues arising from the conflicts I described to her. While she answered, "I understand," after I explained each conflict, several times during my questioning she asked to speak with Mr. Barnes before answering my questions. She said little in response to my questions. Neither she nor Mr. Hsu had spoken with separate counsel concerning the potential conflicts in proceeding with joint representation.

But even if Ms. Chang fully understood the risks, I would not allow her and Mr. Hsu to be represented by the same counsel because their joint representation would contaminate the entire case, as stated above. *See Wheat v. United States*, 486 U.S. 153, 161 (1988) (requiring criminal defendants to have separate counsel, even where they waive right to conflict-free counsel, is consistent with trial court's "independent duty to ensure that criminal defendants receive a trial that is fair"). A unified front defense may be the best approach for both defendants, but without a conflict-free lawyer assessing the case with a duty of loyalty solely to one defendant, I cannot assure that the defendants' Constitutional rights will be preserved. I do not lightly interfere with the defendants' desire to have the joint representation of Mr. Barnes, but in this matter, where the stakes are so high and the conflict so glaring, I do not think this is a close question.

## CONCLUSION

The defendants are ORDERED to obtain separate counsel within thirty days. Either defendant may continue to be represented by Mr. Barnes while the other seeks new counsel. At this early stage of the case, because the conflict has not ripened and given the strong desires expressed by both defendants that Mr. Barnes be their lawyer, I will not disqualify him. Defendants are advised that they are entitled to counsel at government expense if they qualify

1   financially.  The next status conference is set for June 25, 2015 at 1:30 pm.
2   **IT IS SO ORDERED**.
3   Dated: April 6, 2015



WILLIAM H. ORRICK
United States District Judge