UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>            Plaintiff,<br><br>       v.<br><br>TRACY CHANG and<br>HOWARD HSU,<br><br>            Defendants. | Case No. 15-cr-00067-WHO-1<br><br>**AMENDED CRIMINAL PRETRIAL ORDER** |

**1.      Trial Date**

Trial is set for February 6, 2017, beginning at 8:30 A.M., in Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, California.

**2.      Pretrial Conference**

A Pretrial Conference has been set for January 23, 2017 at 2:00 P.M..

The parties shall follow the requirements of Crim. L.R. 17.1-1, as supplemented below: <u>The government and, to the extent consistent with defendant's right to an effective defense, the defendant shall do the following at least seven days prior to the Pretrial Conference:</u>

(i)      Serve and file a trial memorandum that briefly states the legal bases for the charges and the anticipated evidence, and addresses any evidentiary, procedural, or other anticipated legal issues;

(ii)     Serve and file a witness list that includes a brief summary of the testimony of each witness; and

(iii)    Serve and file exhibit lists and serve copies of all marked exhibits on all parties, as discussed in section 5, below.

     (iv) Submit an agreed-upon set of additional requested voir dire questions to be posed by the Court.  Any voir dire questions on which counsel cannot agree shall be submitted separately.  Voir dire by counsel will usually be limited to fifteen minutes per side; and

     (v) Meet and confer and be prepared to discuss with the Court at the Pretrial Conference any anticipated evidentiary objections and any means for shortening and simplifying the trial (by stipulating to such matters as chain of custody, nature of substances, use of the mails, etc.).

**3.** **Motions In Limine**

  Any party wishing to have motions in limine heard prior to the commencement of trial must file and serve same no later than fourteen days prior to the date set for the Pretrial Conference.  All motions in limine shall be contained in one document, limited to 25 pages and prepared in accordance with Civil L. R. 7-2(b), with each motion listed as a subheading.  Opposition to the motions in limine shall be contained in one document, limited to 25 pages, with corresponding subheadings, and shall be filed and served no later than seven days prior to the Pretrial Conference.  No reply papers will be considered.  The motions will be heard at the Pretrial Conference or at such other time as the Court may direct.

**4.** **Jury Instructions**

  a. <u>Joint Set of Instructions</u>.  The parties shall jointly prepare a set of jury instructions, and shall file the proposed instructions at least seven days prior to the Pretrial Conference.  The submission shall contain both agreed-upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury.  Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition.  Counsel shall deliver to Chambers a copy of the joint submission, on a CD/DVD in Word format.  The label shall include the case number and a description of the documents.

      b.    <u>Substance and Format of Instructions</u>.  The instructions shall cover all substantive issues and other points not covered by the Ninth Circuit Manual of Model Jury Instructions.  Each requested instruction shall be typed in full on a separate page and citations to the authorities upon which the instruction is based shall be included.  Instructions shall be brief, clear, written in plain English, and free of argument.  Pattern or form instructions shall be revised to address the particular facts and issues of this case.

      c.    <u>Preliminary Statement and Instructions</u>.  If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and file the text of the proposed preliminary statement and/or preliminary instructions at least seven days prior to the Pretrial Conference.

**5.  Findings of Fact and Conclusions of Law**

In non-jury cases, each party shall file at least fourteen days prior to the Pretrial Conference proposed Findings of Fact and Conclusions of Law on all material issues.  The Court requests that the parties hyperlink each proposed Finding of Fact to any supporting evidence.  Proposed Findings shall be brief, written in plain English, and free of pejorative language, conclusions and argument.  Parties shall deliver to Chambers copies of Proposed Findings of Fact and Conclusions of Law on a CD/DVD in Word format, with a label including the name of the case, the case number and a description of the submission.

**6.  Exhibits**

      a.    <u>Provide Copies of Exhibits to Other Parties</u>.  The government and, to the extent consistent with the defendant's right to an effective defense, the defendant shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams, and other similar documentary materials to be used in its case in chief at trial, together with a complete list of all such proposed exhibits, at least fourteen days prior to the Pretrial Conference.  Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries.  Each item shall be pre-marked with a trial exhibit sticker ("Trial Exhibit No.__") label; defendant's exhibit numbers shall be sequenced to begin after plaintiff's exhibit numbers.  If

1  there are numerous exhibits, they should be provided in three-ring binders with marked tab
2  separators.  All exhibits which have not been provided as required are subject to exclusion.
3        b.    <u>Stipulations re Admissibility</u>.  At least seven days prior to the Pretrial Conference,
4  the parties shall make a good faith effort to stipulate to exhibits' admissibility.  If stipulation is not
5  possible, the parties shall make every effort to stipulate to authenticity and foundation absent a
6  legitimate (not tactical) objection.
7        c.    <u>Objections to Exhibits</u>.  In addition to the exhibit list, counsel shall confer with
8  respect to any other objections to exhibits in advance of the Pretrial Conference.  Each party shall
9  file a statement briefly identifying each item objected to, the grounds for the objection, and the
10 position of the offering party at least seven days prior to the date set for the Pretrial Conference.
11       d.    <u>Provide Copies of Exhibits to Court</u>.  One set of exhibits shall be provided to the
12 Court in Chambers on the Friday prior to the trial date, in binders, marked, tabbed, and indexed in
13 accordance with Local Rule 16-10(b)(7).  Exhibits shall be identified as follows:

```
┌─────────────────────────────────────────┐
│      UNITED STATES DISTRICT COURT       │
│     NORTHERN DISTRICT OF CALIFORNIA     │
│                                         │
│          TRIAL EXHIBIT 100              │
│                                         │
│      CASE NO. _____    │
│                                         │
│      DATE ENTERED_____     │
│                                         │
│      BY _____     │
│               DEPUTY CLERK              │
└─────────────────────────────────────────┘
```

Blocks of numbers shall be assigned to fit the needs of the case (e.g., Plaintiff has 1-100,
Defendant has 101-200).  The parties shall not mark duplicate exhibits (e.g., plaintiff and
defendant shall not mark the same exhibit; only one copy of the exhibit shall be marked).

4

  e. <u>Disposition of Exhibits after Trial</u>.  Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process.  It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

**7. Other Pretrial Matters**

  a. <u>Status Conferences</u>.  Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the Courtroom Deputy, Jean Davis, at 415-522-2077 or whocrd@cand.uscourts.gov.

  b. <u>Daily Transcripts</u>.   Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Debra Campbell, Court Reporter Supervisor, at 415-522-2079 or Debra_Campbell@cand.uscourts.gov, at least fourteen calendar days prior to the trial date.

**8. Trial Matters**

  a. The normal trial schedule will be from 8:00 a.m. to 1:00 p.m. (or slightly longer to finish a witness) with two fifteen minute breaks.  Trial is usually held from Monday through Friday.

  b. Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no later than Wednesday before the trial.  Any objections not resolved must be filed in writing by Thursday before trial.  The parties shall be available by telephone Friday before trial to discuss the issue raised with the Court.

  c. The parties shall disclose the witnesses whom they will call at trial on any given day by at least 2:00 p.m. the court day before their testimony is expected.  Failure to have a witness ready to proceed at trial will usually constitute resting.

  d. The Court takes a photograph of each witness prior to the witness's testimony.

**9. Miscellaneous**

  a. Please DO NOT call Chambers.  If you need to contact the Courtroom Deputy, please call (415) 522-2077 and leave a message if the deputy is not available, or email whocrd@cand.uscourts.gov.

    b.    <u>Copies</u>

Each document filed or lodged with the Court must be accompanied by a three-hole punched copy for use in the Judge's chambers. In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

    c.    <u>Change of Plea</u>

Counsel shall give prompt notice to the United States Attorney and to the Court of any intention to change a previously entered not guilty plea.

**IT IS SO ORDERED.**

Dated: October 6, 2016

_____
WILLIAM H. ORRICK
United States District Judge