UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-cr-00067-WHO-1 |
| Plaintiff, | |
| v. | **ORDER DENYING NEW TRIAL** |
| | Re: Dkt. No. 132 |
| TRACY CHANG, | |
| Defendant. | |

Defendants Howard Hsu and Tracy Chang filed a joint motion for a new trial on February 27, 2017, identifying nine reasons why I should grant them a new trial.[1] Dkt. No. 132. None of the grounds has merit. I have addressed the reasons for my rulings on most of these issues at other times during the case, both in writing (*see, e.g.,* Dkt. Nos. 53, 65, 92, 108 and 124) and orally. The government's response to the motion for new trial is well-founded. Dkt. No. 147. Although I denied the motion in open court after oral argument on April 6, 2017, I will briefly address each of the defendants' arguments for completeness.

First, defendants claim that the prosecution's reliance on evidence related to the defendants' assets materially altered the terms of the indictment and amounted to a constructive amendment and a fatal variance. Mot. at 10–14. But defendants are mistaken in their contention that this evidence amounted to a new *theory* of prosecution. The government's theory that the defendants falsely overstated Disdee Corporation's expenses, in part by claiming personal expenses as business expenses, remained unchanged from the Indictment through trial. The

[1] Prior to filing their 44-page joint motion, defendants sought leave to exceed the 25-page limit imposed by the Criminal Local Rules. Dkt. No. 131. In its opposition, the government moved to strike that portion of the defendants' motion that exceeded the limit. Dkt. No. 147. Defendants' motion is GRANTED, and the government's motion is DENIED.

government used the asset evidence to show defendants' intent to falsely represent Disdee's expenses and resultant deductions in documents provided to their accountants in order to conceal their tax fraud and to induce the accountants to file the fraudulent returns. The evidence adduced was necessary to explain the fraud and defendants' conduct. It did not amount to a constructive amendment to the indictment.

Second, defendants assert that I erred in charging the jury and in refusing to charge the jury as requested. Mot. at 16–26; *see* Final Jury Instructions (Dkt. No. 125). For the reasons previously given at the pretrial conference, the jury instruction conference and the other times at which the defendants raised their concerns, the instructions were appropriate. *See, e.g*., Dkt. Nos. 92, 108 and 124.

Third, defendants argue that the search warrant was unconstitutional and should have been suppressed. Mot. at 27–32. I ruled on this motion during pretrial proceedings, Dkt. No. 65, and nothing was proven at the trial that would suggest that my pretrial ruling was wrong.

Fourth, defendants contend that I should have allowed certain evidence or testimony relating to whether defendants obstructed the lawful functions of the Internal Revenue Service. Mot. at 33–35. Defendants repeatedly tried to argue that the government could have pursued them civilly, through an audit or other means, rather than criminally. That line of argument was prejudicial, irrelevant and confusing under Federal Rule of Evidence 403. The issue in this case was whether defendants had committed criminal tax fraud; it did not matter that if they committed criminal tax fraud, they also committed civil tax fraud, or that the government could have chosen not to prosecute them if it wanted and to enforce their tax liability a different way. I instructed the jury that this was a criminal case, not a civil case, that there was no evidence of any civil collection efforts by the Internal Revenue Service, including an audit, and that there was no claim that defendants had interfered with any civil collection efforts. Dkt. No. 125, p.17 of 29. That instruction was sufficient and necessary to focus the jury on the only charges at issue in the case— the defendants' liability for criminal tax fraud.

Fifth, defendants urge that the prosecution failed to investigate exculpatory leads, specifically that it should have interviewed the two accountants before the execution of the search

warrant. Mot. at 35–37. The timing of the interviews is immaterial; the government interviewed and gathered evidence from the accountants. The government's investigation was comprehensive and there was no evidence of exculpatory information that was not pursued.

Sixth, defendants say that the prosecution failed to provide requested exculpatory information in violation of *Brady* and *Giglio*. Mot. at 37–40. Defendants filed a discovery motion to obtain disclosure of the tax returns of all of their accountants' clients, which I denied because the request was immaterial, overbroad, burdensome and invasive of the privacy of the accountants' clients. Dkt. No. 53. The government did produce Preparer Information Reports containing aggregated data about the number and types of returns prepared by the accountants, and disclosed that the IRS Scheme Development Center had not initiated any investigation concerning the accountants. No information was developed at trial that makes me question my pre-trial ruling.

Seventh, defendants allege that I permitted the prosecution to introduce statements from a custodial interrogation conducted without a warrant or probable cause in violation of the Fourth and Fifth Amendments. Mot. at 40–41. The interview of Ms. Chang during the execution of the search warrant was not a custodial interrogation; she was apprised of her rights and informed that she was free to leave her apartment at any time. In fact, she did so during the search. There was no constitutional violation in using her voluntary statements during the interview.

Eighth, the defendants assert that I permitted the prosecution to make recurrent appeals to racial and ethnic bias. Mot. at 41–43. The defendants did not provide a single citation to the record for this remarkable and demonstrably false argument.

Ninth, the defendants state that I erred in denying various motions to strike and in permitting the jury to consider the contested evidence. Mot. at 43. This argument combines several of the arguments described above, and for the reasons stated here and on the record in other decisions in this case, it has no merit.

The jury did not take long to conclude that the defendants were guilty of tax fraud. The

reasons given by defendants for a new trial lack merit. Their motion is denied.

**IT IS SO ORDERED.**

Dated: April 13, 2017

William H. Orrick
United States District Judge